IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON R. KLINE                 :
              **Plaintiff**      :
                         :
      **v.**                    :           3:07-CV-00819
                         :           (JUDGE VANASKIE)
JACKSON R. WARD and      :
ANNE M. RAINEY WARD     :
            **Defendants**   :

## MEMORANDUM

This matter is before the court on the motion of Plaintiff Jason R. Kline ("Kline") to dismiss the counterclaim of Defendants Jackson R. Ward and Anne M. Rainey Ward ("the Wards"). This action was initiated as a mechanics' lien claim filed in the Court of Common Pleas of Sullivan County by Kline against the Wards on November 21, 2006, and later removed to this Court. The Wards responded to the initial complaint on May 10, 2007, asserting three claims for affirmative relief in their counterclaim. On June 1, 2007, Kline filed a motion to dismiss the counterclaim and submitted a brief in support of that motion. The Wards opposed the motion, and filed a brief in opposition on July 2, 2007. For the reasons that follow, the motion to dismiss will be denied.

## I. BACKGROUND

### A. Factual Background

On June 14, 2004, the Wards purchased property in Eagles Mere, Pennsylvania.

(Defendant's Answer, Affirmative Defenses and Counterclaim, Dkt. Entry 2 at ¶ 22.)  Before

purchasing the property, the Wards entered into an oral agreement with Kline pursuant to which

Kline was to make certain improvements and renovations to the property in consideration for

the Wards' payment for Kline's time and materials, plus 5% profit.  (Joint Case Management

Plan, Dkt. Entry 10 at ¶ 1.24.)  Kline performed work at the property, purchased materials, and

paid other contractors on behalf of the Wards.  (Id. at ¶ 1.25.)

      The Wards allege that prior to Kline's substantial completion of work pursuant to the oral

contract, they discovered significant problems with the quality of work.  (Defendant's Answer,

Affirmative Defenses and Counterclaim, Dkt. Entry 2 at ¶ 25.)  Soon thereafter, the Wards

terminated Kline's work on the property and stopped paying outstanding bills owed to Kline and

his subcontractors.  (Id. at ¶ 26.)

      Kline maintains that beginning in July of 2006 he performed work, made purchases, and

paid sub-contractors at the request of the Wards, but the Wards refused to pay the bills that

were rendered.  (Joint Case Management Plan, Dkt. Entry 10 at ¶ 1.10.)  Kline claims that the

last day he worked on the property was August 10, 2006, and that approximately $154,000

remains unpaid.  The Wards allege that they have thus far paid Kline $100,000, and that they

have spent another $250,000 repairing the mistakes that he made on the property.

(Defendant's Answer, Affirmative Defenses and Counterclaim, Dkt. Entry 2 at ¶ 27-28.)

## B. Procedural Background

On November 21, 2006, Kline filed a mechanics' lien claim in
the Court of Common Pleas of Sullivan County for the amount of the unpaid bill. (Plaintiff's
Motion to Dismiss, Dkt. Entry 7 at ¶ 1.)  Kline then filed a complaint as to the mechanics' lien on
April 4, 2007.  (Id. at ¶ 2.)  The Wards timely removed the suit to this Court pursuant to 28
U.S.C. §1441 and §1332(a)(1). (Id. at ¶ 3.)  On May 10, 2007, the Wards answered the
complaint and filed a counterclaim, asserting the following claims for relief: (1) breach of
contract, (2) breach of warranty, and (3) violation of the Pennsylvania Unfair Trade Practices
and Consumer Protection Law. (Defendant's Answer, Affirmative Defenses and Counterclaim,
Dkt. Entry 2 at ¶ 30-47.)

On June 1, 2007, Kline moved to dismiss the counterclaim pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure, based on the fact that 49 P.S. §1701(e) does not allow a
counterclaim in a mechanics' lien proceeding.  (Dkt. Entry 7 at ¶ 6.)  On July 2, 2007, the
Wards filed a brief in opposition to the motion to dismiss, asserting that 49 P.S. §1701(e)
directly conflicts with Federal Rule of Civil Procedure 13, which compels defendants to file any
counterclaim arising from the same transaction or occurrence that is the subject matter of the
opposing party's claim.  (Defendant's Brief in Opposition to Motion, Dkt. Entry 9 at ¶ 1.)
Furthermore, the Wards maintain that the use of the Federal Rule in this case would be within
the scope of the Rules Enabling Act ("the REA"), 28 U.S.C. § 2072. (Id. at ¶ 14.)  Because a

3

Federal Rule must be used by the court when there is a direct conflict with a state law and the application of the Federal Rule would be constitutional and consistent with the REA, the Wards contend that the motion should be denied. (Id. at ¶ 10.) Additionally, the Wards maintain that because 49 P.S. §1701(e) is both facially and practically a procedural statute, it must not be used in this proceeding pursuant to the Erie doctrine. (Id. at ¶ 15-18.)

On July 16, 2007, Kline filed a reply brief in support of the motion to dismiss. (Dkt. Entry 12.) In the brief, Kline concedes that the Federal Rule and state law are in direct conflict. He maintains, however, that use of the Federal Rule is inappropriate because it is not within the scope of the REA. (Id. at ¶ 5.) Therefore, Kline argues that 49 P.S. §1701(e) is applicable and compels dismissal of the counterclaim. (Id. at ¶ 5.)

## II. DISCUSSION

In determining whether the Wards have presented a viable counterclaim, this court must accept as true the factual allegations of the counterclaim and draw all reasonable factual inferences to aid the Wards. Allied Painting, Inc. v. Delaware River Port Authority of Pennsylvania and New Jersey, No. 04 -1032, 2004 WL 1631409 (E.D.Pa. July 20, 2004); D.P. Enters., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). The complaint should be dismissed only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. Id.

The Pennsylvania Mechanics' Lien Law forbids a defendant from filing a counterclaim in

4

a mechanics' lien proceeding. See 49 P.S. § 1701(e). In relevant part, the statute provides that

"[a] setoff arising from the same transaction or occurrence from which the claim arose may . . .

not be made the basis of a counterclaim." 49 P.S. § 1701(e). Conversely, Federal Rule of Civil

Procedure 13 requires defendants to file any claims "which at the time of serving the pleading

the pleader has against any opposing party. . . ." Fed. R. Civ. P. 13(a).

When a federal court sitting in diversity is faced with discrepancies between a state law

and a federal rule, the court must first determine whether there exists a direct conflict. Hanna

v. Plumer, 380 U.S. 460, 470-74 (1965). If there is a direct conflict, then the Federal Rule must

be applied, as long as it is constitutional and within the scope of the REA. Id.; Chamberlain v.

Giampapa, 210 F.3d 154, 158-60 (3d Cir. 2000).

In deciding whether a Federal Rule directly conflicts with a state law, the court must

consider whether the Federal Rule is "sufficiently broad to control the issue before the Court,"

Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980), "thereby leaving no room for the

operation of [the state] law." Burlington Northern R.R. Co. v. Woods, 480 U.S. 1, 4-5 (1987).  In

the case at hand, the issue of a direct conflict is not in question: state law forbids counterclaims

and the Federal Rule compels them.

Therefore, the first issue before the court is whether the application of the Federal Rule

complies with the REA and the Constitution. As Kline does not contest the constitutionality of

Rule 13, the focus of this analysis is compliance with the REA.  Specifically, the issue is

whether application of Rule 13 is consistent with 28 U.S.C. §2072(b), which states that "[s]uch rules shall not abridge, enlarge or modify any substantive right."

The Mechanics' Lien Law, 49 P.S. § 1101, was created in order to protect the prepayment labor and materials that a contractor invests in another's property by allowing that contractor to obtain a lien interest in the property involved. Matternas v. Stehman, 642 A.2d 1120,1124 (Pa. Super. Ct. 1994). However, a lien proceeding is not intended to settle the contractual obligations of the parties. Id. That is, while the Mechanics' Lien Law does prohibit defendants from filing counterclaims, 49 P.S. § 1701(e) is "not intended to bar all affirmative actions on the part of the owner against the contractor." Malin v. Nuss, 338 A.2d 676, 678 (Pa. Super. Ct. 1975). Although the Wards would not be allowed to file their counterclaim in a state court mechanics' lien proceeding, they would still be able to file an independent action against Kline, alleging the same causes of action as contained in their counterclaim. Therefore, the crux of this problem is deciding whether the issue of **when** a defendant can bring a claim puts the application of this Federal Rule outside the scope of the REA.

Kline asserts that allowing the Wards to file their counterclaim would not be consistent with the REA. (Plaintiff's Reply Brief, Dkt. Entry 12.)   According to Kline, he would be placed at a severe disadvantage if the Wards were allowed to bring claims which he was statutorily barred from bringing. (Id. at ¶ 4.) Kline concludes that because he was limited in the claims that he could file, allowing Defendants to pursue any and all causes of action would be an

enlargement of their substantive rights.  (Id. at ¶ 4.)

In Chapman v. Therriault, No. 97-372-SD, 1998 WL 1110691 (D.N.H. Apr. 13, 1998), the

court held that Rule 13 prevailed over a state law limiting the defendant's ability to bring a

counterclaim.  After finding that a state law and a Federal Rule were in direct conflict, the court

held that the defendant was permitted to pursue a counterclaim because the issue of **when** the

defendant could pursue its claim "does not abridge plaintiff['s] substantive rights."  Id. at *3.

Although the court in Chapman did not specifically analyze the enlargement of the defendant's

substantive rights, the court did conclude that the application of Rule 13 was completely within

the scope of the REA. Chapman, 1998 WL 1110691, at *3.

Because application of Rule 13 only affects when the Wards can bring their claims

against Kline, it is difficult to see how their substantive rights are being enlarged.  Whether the

Wards are permitted to pursue their counterclaim in this action or in the future does not change

their substantive right to pursue their claims at some time and in some manner against Kline.

By combining two lawsuits into one, the application of Rule 13 does not affect the substantive

rights of the parties.  To the extent that Kline contends that he was limited in the claim that he

could assert under the mechanics' lien law, any prejudice to him can be avoided by allowing

him to file an amended complaint.

In addition to the fact that Rule 13 should be applied in this proceeding due to the

reasons set forth above, its application is also mandated by the Erie doctrine. Erie R.R. Co. v.

Tompkins, 304 U.S. 64 (1938); Chamberlain, 210 F.3d at 159 ("If a 'direct collision' [that is

within the scope of [the] REA] does not exist, then the court applies the Erie rule to determine if

state law should apply.")  Under Erie, federal courts sitting in diversity must apply state

substantive law and federal procedural law. Hanna, 380 U.S. at 465; Chamberlain, 210 F.3d at

158–59.

Because the title of 49 P.S. § 1701(e) is "Procedure to obtain judgment," the Wards

argue that the legislature could have only intended that this statute be interpreted by a court to

be procedural.  While this point is persuasive, it is not controlling.

In Guaranty Trust Co. v. York, 326 U.S. 99 (1945), the court laid out the "outcome

determinative test," which holds that a Federal Rule should be applied if the outcome of the

case would be substantially the same as if a state law were applied.  Guaranty Trust Co., 326

U.S. 99. Since then, the test has been modified to focus on whether the application of a state

rule that will or may affect the outcome of a case serves the "twin aims" of Erie: discouraging

forum-shopping and/or avoiding the inequitable administration of the laws. Hanna, 380 U.S. at

468.

Here, application of Rule 13 would not substantially affect the outcome of the

proceedings.  As previously said, 49 P.S. § 1701(e) does not bar an affirmative action on the

part of the owner against the contractor.  Malin, 338 A.2d 676 at 678.  Thus, the only impact

that this action has on the lien proceeding is the fact that the court will hear other causes of

action in addition to the lien proceeding.  The consolidation of two cases into one will not

substantially affect the manner in which the mechanics' lien claim is decided. Therefore, the

combination of these cases would neither encourage forum shopping nor result in the

inequitable administration of the law.

Additionally, there are important countervailing federal interests at stake here. <u>Byrd v.</u>

<u>Blue Ridge Rural Elec. Co-op., Inc.</u>, 356 U.S. 525, 538 (1958) (holding that a strong

countervailing federal interest will dictate recourse to the federal rule).  Applying the state law

instead of the Federal Rule would sidestep the important interest of judicial economy.  As seen

in the compulsory counterclaim provision contained in Rule 13, the federal court system prefers

to hear these causes of action together in order to better promote the efficiency of the courts.

Accordingly, Kline's motion to dismiss will be denied.  An appropriate order follows.


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, District Judge
Middle District of Pennsylvania

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|                          |   |                   |
|--------------------------|---|-------------------|
| JASON R. KLINE,          | : | 3:07-CV-00819     |
| **Plaintiff**            | : |                   |
|                          | : | (Judge Vanaskie)  |
|                          | : |                   |
| v.                       | : |                   |
|                          | : |                   |
| JACKSON R. WARD and      | : |                   |
| ANNE M. RAINEY WARD      | : |                   |
| **Defendants**           | : |                   |

## ORDER

And now this 15th day of August, 2007, for the reasons set forth in the foregoing

memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Rule 12 (b)(6) Motion to Dismiss the Counterclaim (Dkt. Entry 7) is denied.

2.  Within 15 days of entry of this order, Plaintiff may file an amended complaint

pursuant to Federal Rule of Civil Procedure 15(a).

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, District Judge
Middle District of Pennsylvania